IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-00004-PAB

MOLLY N. CHAPMAN,

    Plaintiff,

v.

ANDREW M. SAUL,[1] Commissioner of Social Security,

    Defendant.

_____

**ORDER**
_____

This matter comes before the Court on the Complaint [Docket No. 1] filed by plaintiff Molly Chapman on January 2, 2019. Plaintiff seeks review of the final decision of the defendant (the "Commissioner") denying her claim for disability insurance benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-33. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).[2]

# I. BACKGROUND

On January 26, 2016, plaintiff applied for social security benefits under Title II of the Act. R. at 11. Plaintiff alleged a disability onset date of November 20, 2013. *Id.*

---

[1] On June 4, 2019, Mr. Saul was confirmed as Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Saul will be substituted as defendant for Nancy A. Berryhill, former Acting Commissioner of Social Security.

[2] The Court has determined that it can resolve the issues presented in this matter without the need for oral argument.

After her claims were initially denied on May 26, 2016, plaintiff requested a hearing before an administrative law judge ("ALJ").  *Id.*

On February 13, 2018, the ALJ issued a decision denying plaintiff's claim.  R. at 8, 24.  The ALJ found that plaintiff had not engaged in substantial gainful activity since the onset det through the date she was last insured and had the following severe impairments: degenerative disc disease, right carpal tunnel syndrome, status post left knee replacement, obesity, and peripheral neuropathy.  R. at 13-14.  The ALJ concluded that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, or 404.1526.  R. at 15.  The ALJ additionally determined that plaintiff has non-severe impairments of anxiety and depression.  R. at 14.  Ultimately, the ALJ concluded that plaintiff had the residual functional capacity ("RFC") to perform light work with the following qualifications:

> the claimant can sit for eight hours out of an eight hour day; can stand and/or walk for two hours out of an eight hour day; can occasionally reach above shoulder level; occasionally push and pull with the upper extremities; can occasionally operate foot controls; can frequently handle, finger, and feel; can occasionally climb ramps and stairs; can never climb ladders, ropes, or scaffolds; can occasionally balance and stoop, but can never kneel, crouch, or crawl; can never be exposed to unprotected heights; cannot operate heavy machinery; and must elevate her lower extremities for fifteen minutes after every two hours during the work day.

R. at 16.  The ALJ determined that plaintiff could perform past relevant work as an administrative clerk, R. at 22, and also found that jobs existed in significant numbers in the national economy that plaintiff could perform.  R. at 23-24.

On November 14, 2018, the Appeals Council denied plaintiff's request for review of the ALJ's decision.  R. at 1.  Accordingly, the ALJ's decision is the final decision of

2

the Commissioner.

## II. STANDARD OF REVIEW

Review of the Commissioner's finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. See *Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). The district court may not reverse an ALJ simply because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in her decision. See *Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The district court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty*, 515 F.3d at 1070.

## III. THE FIVE-STEP EVALUATION PROCESS

To qualify for disability benefits, a claimant must have a medically determinable physical or mental impairment expected to result in death or last for a continuous period of twelve months that prevents the claimant from performing any substantial gainful

work that exists in the national economy.  42 U.S.C. § 423(d)(1)-(2).  Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A) (2006).  The Commissioner has established a five-step sequential evaluation process to determine whether a claimant is disabled.  20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).  The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. § 404.1520(b)-(f)).  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

The claimant has the initial burden of establishing a case of disability.  However, "[i]f the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to perform other work in the national economy in view of her age, education, and work experience."  See *Fischer-Ross v. Barnhart,* 431 F.3d 729, 731 (10th Cir. 2005);

*see also Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). While the claimant has the initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts." *Hill v. Sullivan,* 924 F.2d 972, 974 (10th Cir. 1991).

## IV. DISCUSSION

Plaintiff raises five objections to the ALJ's order: (1) the ALJ incorrectly concluded that plaintiff is not presumptively disabled at step three; (2) the ALJ applied the incorrect standard when comparing plaintiff's subjective allegations against the record; (3) the RFC determination is not supported by the weight of the evidence; (4) the ALJ's conclusion that plaintiff is able to return to past relevant work is incorrect; and (5) the agency did not carry its burden at step five and the vocational expert's testimony is not substantial evidence to support denial. Docket No. 12 at 19-34. The Court addresses each in turn.

### A. Listing 1.03 Finding

At step three, an ALJ must consider whether a claimant is presumptively disabled after considering whether the claimant's impairments meet or equal the severity described in the listings of impairments. *See* 20 C.F.R. § 404.1525. To equal a listing of impairment, rather than meet it, there must be findings that show the claimant's "impairments are at least of equal medical significance to those of a listed impairment." 20 C.F.R. § 404.1526(b)(3). Listing 1.03 requires "reconstructive surgery or surgical arthrodesis of a major weight-bearing joint, with an inability to ambulate effectively, as defined in 1.00B2b, and return to effective ambulation did not occur, or is

not expected to occur, within 12 months of onset." 20 C.F.R. pt. 404 subpt. P, app. 1

§ 1.03.  To ambulate effectively means:

> individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

*Id.* § 1.00B2b(2).

> After listing the legal standard, the ALJ concluded:

> [T]he claimant is not regularly observed using assistive devices outside of her home (unless using crutches while recovering from surgery), and does not use assistive devices in her home at all.  She testified that she only uses a walking stick on occasion when she is out of her home.  She testified that she is able to shop independently.  Therefore, the undersigned gives Dr. Sabin's opinion that the claimant meets Listing 1.03 little weight and concludes that the claimant does not meet this Listing.

R. at 16.  Plaintiff argues that this conclusion is error for four reasons.  First, plaintiff claims that, although the ALJ stated that the ability to walk in one's home without assistive decides does not necessarily constitute effective ambulation, the ALJ still used the fact that plaintiff "does not use assistive devices in her home at all" as a negative inference in analyzing whether plaintiff met the listing.  Docket No. 12 at 20.  Second, the ALJ "misstated Dr. Sabin's opinion" when she concluded that Dr. Sabin opined that plaintiff meets the listing, when Dr. Sabin actually stated that plaintiff equals the listing. *Id.* at 21.  Third, the ALJ did not apply the treating physician rule to Dr. Sabin's opinion

or discuss why Dr. Sabin's opinion should not be given controlling weight. Fourth, the ALJ's conclusion was conclusory because there was "no consideration of the medical evidence that contradicts the ALJ's finding." Docket No. 14 at 2. Defendant argues that, even if the ALJ made these errors, it is of no consequence because "[p]laintiff cannot overcome the simple fact that she did not meet or equal the requirements of Listing 1.03." Docket No. 13 at 9.

First, the Court finds that plaintiff places improper emphasis on the ALJ's negative inference regarding plaintiff's ability to walk around her home without assistive devices. The regulation states that "[t]he ability to walk independently about one's home without the use of assistive devices *does not, in and of itself,* constitute effective ambulation." 20 C.F.R. pt. 404 subpt. P, app. 1 § 1.00B2b(2) (emphasis added). If the ALJ only relied on plaintiff's ability to walk around the home, plaintiff would have a valid argument because the ability to walk around the home cannot be the only basis for concluding that a claimant can effectively ambulate. *Id.* However, the ALJ relied on two other pieces of evidence, that plaintiff only uses a walking stick on occasion when outside of the home and is able to shop independently. R. at 16. As a result, the ALJ did not improperly draw an inference from the fact that plaintiff does not use assistive devices in her home.

The Court addresses plaintiff's second, third, and fourth arguments together because they all fail for the same reason: regardless of whether the ALJ misstated Dr. Sabin's opinion, did not apply the treating physician rule to Dr. Sabin's opinion, or failed to explicitly discuss other evidence in the record, plaintiff does not point to any evidence, other than Dr. Sabin's report, that she could not ambulate effectively. Plaintiff

bears the burden of proof to demonstrate that she could not ambulate effectively and that the ALJ's errors were harmful. "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *Duncan v. Colvin*, 608 F. App'x 566, 576 (10th Cir. 2015) (unpublished) ("Because the claimant[] has not satisfied all of the Listing's criteria, she cannot prevail at step three as a matter of law."); *Carlson v. Astrue*, 604 F.3d 589, 593 (8th Cir. 2010) ("The claimant has the burden of proving that his impairment meets or equals a listing."). Plaintiff, however, points to no evidence in the record suggesting that she cannot ambulate effectively, other than Dr. Sabin's Medical Source Statement. *See* Docket No. 12 at 22.

Dr. Sabin's source statement states that (1) he reviewed MRIs of plaintiff's spine, (2) reviewed an EMG study showing that plaintiff has right carpal tunnel syndrome, and (3) plaintiff has experienced increased swelling and pain in the left knee. R. at 945. Dr. Sabin acknowledges that plaintiff "can ambulate," but states that her impairments in combination "equal" Listing 1.03. *Id.* Dr. Sabin's source statement is insufficient to demonstrate that plaintiff meets or equals a listed impairment. Neither the MRIs, the EMG, or swelling and pain in plaintiff's knee satisfy plaintiff's burden to show that she could not ambulate effectively. By contrast, the ALJ cited direct evidence that plaintiff did ambulate effectively, based on plaintiff's own testimony at the hearing.

While plaintiff points to other parts of the record where Dr. Sabin and others reported that plaintiff had knee pain and swelling, Docket No. 12 at 23, none of those

treatment records support a conclusion that plaintiff cannot ambulate effectively, only that she had pain and swelling, which is not in dispute. *See* R. at 600 (noting pain and tenderness); R. at 829 (stating that plaintiff "reports" pain, swelling, numbness, and tingling); R. at 845 (finding medial and lateral compartment disease in left knee); R. at 847 (stating that plaintiff "reports" pain, swelling, numbness, and tingling). Plaintiff must provide "specific medical findings," *Lax v. Astrue*, 489 F.3d 1080, 1085 (10th Cir. 2007), to support a listing impairment and "direct" the Court "to any medical records" demonstrating the listing impairment. *Aslan v. Colvin*, 637 F. App'x 509, 509 (10th Cir. 2016) (unpublished). Plaintiff has failed to do so and, given the evidence before the ALJ that plaintiff could ambulate effectively, plaintiff has failed to demonstrate harmful error or prove that she meets or equals the requirements of Listing 1.03.[3]

### B. Subjective Allegations

Plaintiff argues that the ALJ applied the incorrect standard to her subjective allegations and thus failed to give proper consideration to them. *See* Docket No. 12 at 24-28. The Court must affirm the ALJ's conclusion regarding whether plaintiff's subjective allegations comported with the evidence in the record so long as there is

---

[3] Plaintiff argues that the ALJ misapplied Social Security Ruling 17-2P. Docket No. 12 at 22. Plaintiff suggests that, because Dr. Sabin is a medical expert, the ALJ, pursuant to SSR 17-2P, is required to accept his findings. However, SSR 17-2P contains no such requirement. Rather, it states that, "[t]o demonstrate the required support of a *finding* that an individual is disabled," the ALJ must rely on one of three sources. *See* Social Security Administration, Social Security Rule 17-2P, Evidence Needed by Adjudicators at the Hearings and Appeals Council Levels of the Administrative Review Process to Make Findings About Medical Equivalence (2017) (emphasis added). Thus, the rule only requires the ALJ to rely on a medical expert like Dr. Sabin if the ALJ is making a finding of disability; it does not require the ALJ to accept a disability finding from a medical expert.

substantial evidence. *Ellison*, 929 F.2d at 536. "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty*, 515 F.3d at 1070.

As plaintiff notes, an ALJ must "consider all [of a claimant's] symptoms, including pain, and the extent to which your symptoms can reasonably be expected as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(a). Plaintiff argues that the ALJ only searched for inconsistent evidence and found that plaintiff's symptoms were not "entirely consistent" with the medical evidence, which plaintiff suggests is too stringent of a standard. Docket No. 12 at 24-26. But § 404.1529(a) also requires an ALJ to determine whether plaintiff's statements are inconsistent with the record evidence. *See* § 404.1529(c)(4) ("We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence.").

The ALJ determined that, although the evidence suggested that plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record."[4] R. at 17. The Court finds there is substantial

---

[4] Plaintiff places great emphasis on the statement "entirely consistent" with the record evidence and says that this is the improper standard. Docket 12 at 24-25. This argument is unpersuasive for two reasons. First, although the ALJ used "entirely consistent," rather than a term that might more closely track the appropriate standard, the ALJ's analysis demonstrates that she considered all of plaintiff's symptoms and the medical records to determine whether plaintiff's allegations were consistent with the available evidence. Second, the Court's duty on review is to determine whether there is substantial evidence in the record for the ALJ's decision to discount plaintiff's subjective

evidence in the record to support the ALJ's discounting of plaintiff's subjective limitation allegations.

First, regarding plaintiff's knee, back, and issues with carpal tunnel, there is substantial evidence to support the ALJ's conclusion that plaintiff's symptoms were not as severe as she alleged. The ALJ noted that plaintiff did have a history of abnormal gait, limited range of motion in her back and neck, tenderness, and swelling. *See* R. at 19; *see also* R. at 304 (noting chronic low back pain); R. at 348 (stating that plaintiff reports neck pain, shoulder pain, and needle sensations); R. at 351 (finding left knee tender and slow and abnormal gait); R. at 379 (noting tenderness, slow and abnormal gait, but full strength and normal motor functioning); R. at 405 (stating that plaintiff has back, shoulder, and neck pain); R. at 433 (noting tenderness of the spine); R. at 439 (reporting slow and abnormal gait, but full extremity strength and normal motor function). But, as the ALJ concluded, R. at 19, other examinations showed plaintiff with normal strength, gait, reflexes, range of motion, sensation, and grip. *See* R. at 460 (noting "steady gait," "good tone and motion of the shoulders, elbows, wrists, and hands," and "5/5" strength in upper and lower extremities); R. at 463 (same); R. at 546 (same); R. at 556 (noting that plaintiff completes all of her therapeutic exercises "with minimal discomfort"); R. at 562 (stating that "gait is normalized on level surfaces"); R. at 566 ("At this point, she comes in, she is doing really well. Really no pain with walking . . . . It gets a little worse at the end fo the day, but then gets better after resting."). In

---

allegations. Even if the ALJ applied the incorrect standard – which there is no evidence that she did in – the Court would not reverse the ALJ's discounting of plaintiff's subjective allegations if that discounting is supported by substantial evidence.

analyzing these limitations, the ALJ also noted that plaintiff received relief from medication and injections, which supports the ALJ's conclusion that plaintiff is not as limited as she suggest. R. at 333 ("Treatments . . . have been helpful."); R. at 437 (noting greater than 80% improvement with "cervical medial branch and TON block"); R. at 444 (noting that plaintiff reported that injections helped at least temporarily); R. at 447 ("The patient had improvement with the pain of 7/10 reduced to 2/10."); *see also White v. Barnhart*, 287 F.3d 903, 909-10 (10th Cir. 2002) (stating that courts should defer to the credibility determinations of the ALJ in resolving issues of subjective allegations).

Plaintiff cites two contradictory pieces of evidence, namely, the ALJ's misinterpretation of a doctor's report of "giveaway weakness," which plaintiff argues then resulted in the ALJ missing that the same doctor decided to order tests to "[r]ule out compression neuropathy." Docket No. 12 at 26-27 (citing R. at 442). But the opinion of one doctor regarding a decision to rule out a potential illness does not vitiate the other substantial evidence in the record to support the ALJ's decision regarding the consistency of plaintiff's alleged limitations.

Plaintiff argues that the ALJ improperly considered plaintiff's decision to forgo surgery on her left knee to replace the hardware containing nickel. *Id.* at 27. Plaintiff misinterprets the ALJ's analysis on this issue. The ALJ stated that plaintiff is "understandably leery of further surgery," but that the existence of a potential treatment option supports the ALJ's conclusion that her limitations were not as disabling as alleged. R. at 19. In other words, the ALJ did not use the decision to forgo surgery as proof that plaintiff's limitations were not as severe as alleged, but as additional support

for the ALJ's conclusion. Such an inference is allowed. *See Thomas v. Berryhill*, 685 F. App'x 659, 664 (10th Cir. 2017) (unpublished) (finding no issue with the ALJ's consideration of the claimant's decision to not undergo physical therapy in assessing credibility); *Johnson v. Colvin*, 640 F. App'x 770, 774 (10th Cir. 2016) (unpublished) ("[W]hen . . . noncompliance with prescribed treatment is invoked not as independent basis for denying disability but only as a factor diminishing the credibility of a claimant's allegations of the severity of symptoms prompting the treatment, the ALJ need not also find the forgone treatment would have restored the claimant's ability to work." (citing *Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000)).

Finally, plaintiff contends that the ALJ improperly discounted the opinion of Ms. Sherry Young, an occupational therapist. Docket No. 12 at 28. Ms. Young prepared a functional capacity evaluation ("FCE") of plaintiff, which the ALJ believed to be "valid," R. at 21, and a letter containing Ms. Young's opinions about whether plaintiff is disabled. R. at 878-897. Contrary to plaintiff's assertion, Ms. Young is a not an acceptable medical source, as the ALJ concluded. R. at 21; *see also* 20 C.F.R. § 404.1502(a) (listing acceptable medical sources). ALJs are permitted to give such sources less weight. *See Seymore v. Astrue*, 478 F. App'x 522, 523 (10th Cir. 2012) (unpublished) ("[T]he ALJ was correct in disregarding the additional GAF score of 52 since it was reported by a counselor who is not an acceptable medical source."). Thus, the ALJ could appropriately give Ms. Young's opinions little weight. Moreover, although Ms. Young found that plaintiff had significant functional limitations, R. at 878-897, the ALJ cited other evidence that contradicts these findings. R. at 21. The ALJ's citation of contradictory evidence provided an adequate basis for the ALJ to give Ms. Young's

FCE little weight.  *See* 20 C.F.R. § 404.1507(c)(4).

As a result, the Court finds that there is substantial evidence in the record to support the ALJ's conclusion that plaintiff's subjective allegations of limitations were not supported.

### C.  RFC Determination

Plaintiff contends that the ALJ's RFC determination is not supported by the evidence.  First, she claims that the objective evidence shows decreased strength in the lower extremity, swelling in the left knee, decreased sensation in her feet, and, as a result, plaintiff cannot perform "'significant' pushing and/or pulling."  Docket No. 12 at 30.  Second, she claims that "no medical evidence of record shows Ms. Chapman has the requisite dexterity of her upper extremities to perform production assembly line work."  *Id.* at 31.  The Court finds these arguments unpersuasive and concludes there is substantial evidence in the record to support the ALJ's RFC determination.

First, and notably, plaintiff cites no record evidence to support her claims. In reference to plaintiff's decreased strength, sensation and so on, plaintiff simply asserts it to be so without any citation at all.  *See* Docket No. 12 at 30.  As to her upper extremities, plaintiff cites to one medical document of Dr. Robert Kawasaki, which states that plaintiff has limited manipulative abilities.  *See id.* at 31 (citing R. at 822). Plaintiff also makes a passing reference to Ms. Young but, as already explained, there is substantial evidence to support the ALJ's discounting of Ms. Young's functional evaluation.

Second, and more importantly, there is substantial evidence to support the RFC determination, including consistent medical exams showing normal strength, gait,

reflexes, range of motion, sensation, and grip.  *See* R. at 460 (noting "steady gait," "good tone and motion of the shoulders, elbows, wrists, and hands," and "5/5" strength in upper and lower extremities); R. at 463 (same); R. at 546 (same); R. at 556 (noting that plaintiff completes all of her therapeutic exercises "with minimal discomfort"); R. at 562 (stating that "gait is normalized on level surfaces"); R. at 566 ("At this point, she comes in, she is doing really well.  Really no pain with walking . . . . It gets a little worse at the end fo the day, but then gets better after resting.").  As a result, plaintiff's arguments are unpersuasive and the Court finds that the ALJ's RFC determination is supported by substantial evidence in the record.

### D.  Step Four Evaluation

Plaintiff next challenges the ALJ's step four analysis, arguing that the ALJ did not analyze plaintiff's ability to return to past work as "actually" performed rather than "generally" performed.  Docket No. 12 at 32.  Plaintiff argues that the ALJ hearing only cursorily discusses plaintiff's past relevant work and that the vocational expert's testimony that plaintiff's past work as an administrative assistant was sendentary is "all the record contains about [p]laintiff's past relevant work."  *Id.* at 33.  The Court finds that there is substantial evidence in the record to support ALJ's step four determination that plaintiff could return to past relevant work.

At step four, if a claimant is able to perform past relevant work, the claimant is not disabled.  *See* 20 C.F.R. § 404.1520(f) ("If you can still do [past relevant work], we will find that you are not disabled.").  At the hearing, the ALJ asked questions of the vocational expert regarding plaintiff's ability to return to past relevant work.  R. at 94-96.  Contrary to plaintiff's assertion that the vocational expert had no information regarding

plaintiff's past work, the vocational expert specifically stated that she reviewed the evidence in the record, which included descriptions of plaintiff's past work as actually performed. R. at 95 (stating that the vocation expert reviewed plaintiff's vocational background and listened to her testimony); *see also* R. at 226-233 (containing plaintiff's work history report with descriptions of past relevant work). In the ALJ's decision, the ALJ referenced plaintiff's description of her past relevant work. R. at 22. Plaintiff points to no evidence in the record to contradict the ALJ's conclusion and, as this evidence shows, the ALJ relied on more than a cursory discussion during the hearing and a lone statement by the vocational expert. As a result, there is substantial evidence in the record to support the ALJ's conclusion that plaintiff could return to past relevant work.[5]

## V. CONCLUSION

For these reasons, it is

**ORDERED** that the decision of the Commissioner that plaintiff is not disabled is **AFFIRMED**. It is further

**ORDERED** that this case is closed.

DATED November 30, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge

---

[5] Because a conclusion that a claimant can return to past relevant work results in a finding that a claimant is not disabled, § 404.1520(f), the ALJ's decision would be affirmed regardless of any errors in the step five analysis. As a result, the Court does not address plaintiff's final argument.